## Peter Comarofski, Appellee, v. Saline County Coal Company, Appellant.

1. VERDICTS—*when not disturbed as against the evidence.* A
verdict will not be set aside on review as against the evidence un-
less clearly and manifestly against its weight.

2. INSTRUCTIONS—*propriety of upon question of damages.* *Held,*
that an instruction upon the question of damages was proper which
told the jury that they might take into account "all damages
present or future which from the evidence can be treated as the
necessary and direct result of the injury complained of."

3. APPEALS AND ERRORS—*when remarks of trial court not subject
to review.* A remark of the trial court not excepted to is not sub-
ject to review and will not be made ground for reversal.

4. APPEALS AND ERRORS—*when remarks of trial court not ground for reversal.* Unless the connection in which the remark of the trial court is made is shown by the record so that its effect can be ascertained, it will not constitute ground for reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911. Rehearing denied May 19, 1911. *Certiorari* denied by Supreme Court (making opinion final).

M. S. WHITLEY, for appellant; MASTIN & SHERLOCK, of counsel.

CHOISSER, CHOISSER & KANE, J. ED. THOMAS and S. M. CLARK, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by appellee to recover damages for injuries received by him while working in appellant's coal mine.

The declaration contained three counts. The first charged wilful failure to regularly and thoroughly spray, sprinkle and clean the entry, galleries and road ways where appellee was employed and that the firing of shots in a certain entry ignited dust and caused an explosion which injured appellee; and the second, that the same duty existed on the part of appellant and that the firing of one shot ignited the dust and caused fire to communicate to the fuse of a second shot, which was thereby set off and caused the explosion which did the injury; the third, that a dangerous condition existed in the mine by reason of dust permeating the entries; that the defendant knew of such dangerous condition and wilfully permitted appellee to enter the mine without being under the direction of the mine manager, and that by reason thereof he was injured.

The jury found a general verdict in favor of appellee and in answer to two special interrogatories found, first, that the entry where appellee was work-

ing at the time he was injured was not a wet or damp entry, and second, that the entry was so dry the air in said entry became charged with dust at the time of the injury.

On December 15, 1908, as the proofs show, and for some months prior thereto, appellee worked in appellant's coal mine, where for more than a month he and his ''buddy'', Liskivics, had been engaged in turning the fifth and sixth entries off of the second south entry. These entries at this time, were from 40 to 60 feet long and no entries had been turned off of them. The coal was mined by means of a chain machine, then blasted out, shoveled into cars and hauled away by mules. On the afternoon of the day in question, Liskivics, had drilled two holes in the face of the sixth entry, charged them with powder and arranged the squibs which protruded from the holes some five or six inches. At firing time Liskivics lighted one of them and he and appellee then waited in the fifth entry for it to explode. Ten minutes after the explosion, appellee started back to fire the remaining shot, and when he had reached a point about two steps inside of the sixth entry, the second shot went off and a flame of fire came down the entry, reaching him, setting his clothes on fire and severely burning him. The entry had a hard slate bottom, along which ran several car tracks and it had not been sprinkled or sprayed since it was opened. It was shown that dust was made by the cutting of the chain machine, drilling the holes and the tramping of the mules as they pulled the cars, some ten loads of coal being hauled out each day; that where there was an accumulation of dust, as in the entry named, it could be so charged by the explosion of one shot as to take fire and explode from another shot following.

There was no question concerning the fact of the injury to appellee or the extent of the same, but there was a sharp controversy as to what caused the explosion or fire by which he was injured. Appellee contended

that it was caused by the large amount of dust in the entry which was ignited in the manner above stated, while appellant sought to show that there was no dust in the entry and therefore the explosion originated from some other cause. Witnesses on the part of appellee testified that the dust in the entry was from one to three inches deep, while those on the part of appellant stated it was a damp entry, that the coal was "bleeding" at the face of the entry and that there was no dust. One witness for appellant took a middle ground stating that while there was an accumulation of dust in the entry, it was in a safe condition. Appellant did not seek to controvert the proof that the entry had never been sprinkled nor to show that the injury could have been brought about in some manner other than that alleged by appellee. It was therefore for the members of the jury, who saw the witnesses and heard them testify, to determine where the exact truth lay and their finding upon the questions of fact under proper instructions as to the law, should not be disturbed.

Appellant complains that certain instructions given on the part of appellee were erroneous, particular stress being given to errors said to be contained in instruction No. 10. This instruction informed the jury as to their duties in regard to the determination of the amount of damages in case they found in favor of the plaintiff and that he had sustained damages. That portion of the instruction which appellant claims to be specially objectionable, is the final clause in which, after the statement of various elements the jury would be entitled to consider, they are further told that it was proper for them to take into account "all damages present or future, which from the evidence, can be treated as the necessary and direct result of the injury complained of." Words almost identical with these, were used in an instruction given in Wrisley v. Burke, 106 Ill. App. 30 (affirmed 203 Ill. 250), where it is said that the instruction "only allows the jury to

award damages in this connection for bodily pain and suffering in the future, as is stated in the instruction 'which from the evidence can be treated as the necessary and direct result of the injury complained of.' Such is the law as established by repeated decisions of this and the Supreme Court." Neither this instruction nor the others given for appellee, were properly subject to criticism.

Appellant further complains that two of the instructions offered by it were refused. One of them required appellee to prove that his injuries occurred in the manner and from the causes set forth in the declaration and that the other stated the burden of proof was upon appellee to prove the specific violations of the statute charged in the declaration.

Twenty-six instructions were given on part of appellant and in them the propositions contained in the two refused instructions named, appear to us to have been correctly stated. Appellant asserts that its cause was injured by an improper remark made by the court in the course of the trial. This remark does not appear in that portion of the record devoted to a recitation of the trial of the cause, but is called to the attention of this court by an affidavit filed in support of the motion by defendant, for a new trial. The words complained of consisted of a remark made by the court in passing on an objection made by appellant that "there seems to be a controversy about where this injury occurred." It is sufficient to say that it no where appears that any objection was made or exception taken to this remark at the time it was uttered, and therefore it cannot be considered by us and it should be further said that in the absence of anything tending to show the connection in which the words were used, there is nothing to show us how they could be objectionable.

The judgment of the court below should be and is hereby affirmed.

*Affirmed.*